SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #052039**
Leah.Bolstad@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00046-SI-01 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| TRACIE ANN HARBISON, | |
| Defendant. | |

**Introduction**

Defendant Tracie Harbison distributed significant amounts of fentanyl and methamphetamine in Portland, Oregon in 2023.  She partnered and lived with a career criminal co-defendant who assisted in her drug distribution scheme.  Together, they possessed a virtual arsenal of eighteen (18) firearms in the home from which they operated this drug dealing venture.  Harbison benefitted financially from this crime, and the government seeks to forfeit the cash proceeds – over $13,000 – seized from her bedroom in June 2023.  The government recommends a 63-month sentence, followed by a 5-year term of supervised release, criminal forfeiture of firearms and drug proceeds, and a $100 fee assessment.

**Government's Sentencing Memorandum**                                                                 **Page 1**

## I.    Background

### A.    The Offense Conduct

In March 2023, the FBI started a drug-trafficking investigation of defendant Tracie Harbison and co-defendant Michael Llanos.  Investigators determined that Harbison was selling distribution quantities of powdered fentanyl and methamphetamine to mid-level distributors, and her housemate co-defendant Llanos appeared to be working with her.  On March 30, 2023, surveillance officers observed Harbison engage in a brief meeting and do a suspected drug exchange with a customer at a Goodwill store.  In March and April, Portland Police received numerous complaints about frequent drug activity at the Harbison residence.

On June 5, 2023, investigators executed a federal search warrant at their home on NE Halsey Street in Portland, Oregon.  In Harbison's bedroom, they found 228 grams of fentanyl powder, 788 grams of methamphetamine, ten firearms in a large black container, $13,501 in U.S. currency, a digital scale and two drug ledgers.  In Llanos' closet, investigators found items associated to Llanos, including an Oregon instructional permit, an Oregon identification card, photographs of Llanos, and multiple pieces of mail that were sent to Llanos.  In that same closet, they found eight firearms, multiple loaded magazines, and ammunition.  These eight firearms included two that had been reported stolen, including the Glock 19, 9mm caliber pistol (bearing serial number BNZP686) that is listed in Count 4.  Investigators seized a total of seven extended magazines from Llanos' closet, including two loaded 30-round AR magazines.

Investigators seized cell phones from the suspects and searched them pursuant to a federal search warrant.  Communications within the phones confirmed that defendants were engaged in recent drug distribution activity in the month before the search warrant execution:

**Government's Sentencing Memorandum** **Page 2**

- May 10, 2023: defendant Llanos messaged Harbison and asked, "*Hay mom was wondering what we Talked about last night was my cost Still 750 for a whole one*".  Harbison responded back "*Yes pls*" and Llanos then asked what would ½ be, "*Be 325*?"  Harbison responded back "*375*".  Llanos replied, "*I'm going to need the 1/2 I got to meet him in about an hour*."

- May 28, 2023: defendant Llanos messaged Harbison, "*Can I come meet up with you do you have that on you confetti*."  Harbison replied in the affirmative and then the two discussed where to meet. Harbison then asked Llanos, "*U need a half of confetti?*" and Llanos responded, "*Yes*."

Investigators know that "confetti" is slang for fentanyl powder and is often referred to as "fety" or "fetty".  In one of LLANOS' own messages, he told someone what confetti was.  Based on these communications, and the bulk of the drugs being found in Harbison's bedroom, it was evidence that Harbison was sourcing Llanos with distribution quantities of drugs to re-distribute down the chain.

**B.      Procedural History**

On February 6, 2024, the grand jury returned an indictment charging defendant with one count of Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A) and one count of Possession with the Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).  ECF No. 28.  Co-defendant Michael Llanos was charged with Possession with Intent to Distribute Fentanyl (Count 3) and Felon in Possession of a Firearm (Count 4). Llanos pled guilty to Count 4, where he was in TOL 23, CHC VI, and he received a 77-month sentence on August 13, 2025.  ECF No. 87.

On December 11, 2025, defendant pleaded guilty to Count 1 of the Indictment charging Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

**Government's Sentencing Memorandum**                                                     **Page 3**

C.      **The Sentencing Guidelines Applied to This Case**

The government agrees with the following guidelines which are accurately reflected in

the PSR computations:

| Count 1: 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) – Possession with the Intent to Distribute Methamphetamine | | |
|---|---|---|
| USSG § 2D1.1(a)(1) | Base Offense Level | 30 |
| USSG § 2D1.1(b)(1) | Possession of a Firearm | +2 |
| USSG §3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | **Total Offense Level** | 29 |
| | **Criminal History Category** | I (PSR ¶ 40) |

Defendant attempted to make a request for safety valve eligibility and zero-point offender status.

*See* Def. Obj. Letter to PSR.  However, upon further discussion with the government about all

the available evidence, defendant withdrew any argument or suggestion that she is eligible for

either safety valve or zero-point offender.  *See* Govt. Obj. Letter to PSR.

D.      **Forfeiture**

As part of her plea agreement, defendant agreed to forfeit all right, title, and interest in

and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 as outlined in the

Second Bill of Particulars.  ECF Nos. 77 and 99.  This includes $13,729.42 in U.S. Currency,

collectible coins, a Rolex watch, eighteen (18) firearms, ammunition, ballistic vests, and firearm

magazines.  At time of sentencing, the Government will present and request the court to enter a

Final Order of Forfeiture for this case.

II.     **Government Recommendation**

The government recommends a 63-month term of imprisonment, followed by a 5-year

term of supervised release, and a $100 fee assessment.  Such a sentence is sufficient, but not

greater than necessary, to accomplish the goals of sentencing.  Defendant and her co-defendant

possessed 18 firearms in connection with drug trafficking substantial quantities of

**Government's Sentencing Memorandum**                                                    **Page 4**

methamphetamine and fentanyl.  The nature of this drug trafficking conduct, combined with

firearm possession, is a recipe for violence.  Drug dealing is a dangerous business.  It also pushes

out poison into our community, and that poison harms people every day.  This is a very serious

offense, and a 63-month sentence is sufficient, but not greater than necessary, to accomplish the

goals of sentencing.

Dated: June 24, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD, OSB #052039
Assistant United States Attorney